1  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
2  LEAH S. STRICKLAND [SBN 265724]
   lstrickland@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   (t) 619.231.0303
5  (f) 619.231.4755

6  Attorneys for Defendant MIDLAND
   CREDIT MANAGEMENT, INC.
7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11 RAQUEL ESPARZA,                      Case No.

12         Plaintiff,                   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**

13         v.                           State Court Complaint filed 4/30/14

14 MIDLAND CREDIT
   MANAGEMENT, INC.,
15
           Defendant.
16

17         TO THE CLERK OF THE COURT:

18         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1331,

19  Defendant Midland Credit Management, Inc. ("Midland") hereby removes this

20  action from the Superior Court of the State of California for the County of San

21  Bernardino, Case No. CIVRS1402658 (the "State Case") to the United States

22  District Court for the Central District of California, Eastern Division.  The grounds

23  for this removal are:

24         **FACTUAL SUMMARY**

25         1.    On April 30, 2014, plaintiff Raquel Esparza commenced the State Case

26  alleging violations of the federal Fair Debt Collection Practices Act (15 U.S.C. §

27  1692 *et seq*.), the federal Telephone Consumer Protection Act (47 U.S.C. § 227, *et*

28  *seq*.), and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788

1. *et seq.*).

2. Midland was served with the summons and complaint on June 25, 2014.

3. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after service of the complaint.

### JURISDICTION

4. Removal is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district court has supplemental jurisdiction over the alleged state law claim because it is so related to the claim over which the district court has original jurisdiction that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. § 1446(a), Midland attaches as Exhibits 1 and 2 are copies of all process, pleadings, and orders in the State Court action.

DATED: July 18, 2014

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: *s/ Thomas F. Landers*
THOMAS F. LANDERS
LEAH S. STRICKLAND
Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC.

**INDEX TO EXHIBITS**

<u>Pages</u>

Exhibit 1: State Court Complaint ................................................................... 1-12

Exhibit 2: State Court Answer ...................................................................... 13-19